**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50064 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00835-LAB-1 |
| v. | |
| HENRY ROBLEDO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Henry Robledo appeals from the district court's judgment and challenges the 87-month sentence imposed following his guilty-plea conviction for importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Robledo contends that the district court violated Federal Rule of Criminal Procedure 32(d) by failing to require probation to supplement the presentence report ("PSR"). We review for plain error. *See United States v. Ceja*, 23 F.4th 1218, 1227 (9th Cir. 2022) ("Where, as here, a defendant does not object to the district court's compliance with Rule 32 at sentencing, this court reviews for plain error."). The district court did not plainly err because the record does not support Robledo's assertion that the court found the PSR to be lacking information required by Rule 32(d). Rather, the court simply disagreed with the PSR's recommendation of a below-Guidelines sentence. On this record, the district court did not violate Rule 32(d).

Robledo further contends that the district court failed to address certain mitigation arguments. Again reviewing for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), we conclude there is none. Although the district court did not explicitly address each of Robledo's mitigation arguments, the record reflects that the court considered all of those arguments and determined that they did not support a lower sentence in light of the aggravating factors. The district court's explanation, in light of the record as a whole, is sufficient to allow for meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**